By the Court—White, J.
There was no error in-any decision or direction of the Justice, at the trial of the cause.
According to the general current of authority on the subject, a seizure, which is a mere act of lawless violence, is not within the exception in the policy upon which the *367 defendants rely for a defense. The seizure contemplated by that exception is a seizure by some lawful acknowledged government for some probable cause, sanctioned by the law of nations; Carrington v. Merchants' Ins. Co., (8 Peters R., 516-518,) Smith v. The Delaware Ins. Co., (3 Serg. & Rawle, 74,) Faudel v. The Phænix Ins. Co., (4 Id., 29,) Johnston v. Ludlow, (2 Johns. Cases, 481,) Magoun v. N. E. M. Ins. Co., (1 Story Rep., 165;) and the proof offered by the defendants was insufficient to establish, in this case, any seizure of that character.
The statement of the witness, A. 0. Morris, that at about the time of the seizure of the plaintiff’s schooner, several vessels were sunk in Norfolk harbor by the order of Governor Letcher of Virginia, would not establish a seizure that would constitute a defense to the plaintiffs’ claim, even if the statement had been made upon the personal knowledge of the witness. The office of Governor Letcher, conferred upon him no authority to sink vessels, the only purpose of which could be to destroy or obstruct a harbor, the enjoyment of which, the Court will take judicial notice, belongs to the United States, and to the use of which, with free right of ingress and egress, every citizen of every one of the United States is entitled, under the National Constitution and laws. Such an act of destruction would be criminal, and the seizure of the plaintiffs’ vessel for the purpose of accomplishing it, would be a mere lawless violence.
But, further, the testimony of Mr. Morris was not competent evidence. He testified that he had no personal knowledge of the fact that any vessels were seized or sunk by order of Governor Letcher. He said that he only stated the fact as a matter of public history and general notoriety. This was not admissible. There was no reason for resorting to mere public fame or history for proof of the fact alleged. Neither its nature, nor any special circumstances appearing in the case, rendered such evidence of its existence proper, or would justify its exception from, the general rule, excluding hearsay testimony; and Mr. Morris’ *368 testimony was nothing more. It was incompetent evidence, therefore, and was properly excluded.
The proposal of the defendant to give the so-called Secession Ordinance of the State of Virginia in evidence, was equally inadmissible. The ordinance would have been no justification of Governor Letcher’s alleged act, if it had been proved (as it was not) that he had done the act alleged:
First. Because there was no proof that the ordinance, even if it were a lawful act, had any connection whatever with the seizure and destruction of the plaintiff’s vessel;
Secondly. Because the ordinance, by its own terms, was to be of no effect unless it should be ratified by a majority vote of the people of Virginia; and it was not shown, or proposed to be shown, that it was so ratified;
Thirdly. Neither the United States, nor any other nation or government, has acknowledged or recognized any such national sovereignty as “Virginia,” or “The People of Virginia,” and there is none such known to the law of nations or of the United States, or of this State;
And fourthly. Because the ordinance, if it were shown that the plaintiffs’ vessel had been destroyed in pursuance or by virtue of it, was an unlawful, treasonable act against the sovereignty and Oonstitution of the United States; and, being so, instead of giving validity to, or legalizing acts done in obedience to, or in execution of it, only rendered them more unlawful and criminal. The exclusion of it, therefore, as evidence at the trial by the Judge was correct.
There is nothing, then, in this case, either in the testimony admitted, or in that which was offered by the defendant and excluded, that could show the seizure and destruction of the plaintiffs’ vessel to have been a lawful act of an acknowledged government, or public authority, and within the exception of the policy. It was the act of a mere tumultuous, riotous assemblage of unknown persons, coming within the description inf the policy of “pirates, rovers, thieves,” against whom it expressly assures the plaintiffs. (Nesbitt v. Lushington, 4 Term R., 783.)
The judgment must, therefore, be affirmed with costs.